## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| JULIE SIDELL, Guardian of Gretchen Sidell, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Case No. 05-cv-1001 |
| BARRY S. MARAM, | )<br>)<br>) |
| Defendant. | |

## O P I N I O N and O R D E R

Before the Court are the Report and Recommendation (Doc. 85) on the Motion for Attorney Fees filed by Plaintiffs' attorneys, Equip for Equality (Doc. 80),[1] the Objection thereto (Doc. 87) and the response (Doc. 90).  For the reasons set forth below, the Report and Recommendation is ACCEPTED and the Motion is GRANTED IN PART and DENIED IN PART.

### BACKGROUND

On February 24, 2009, judgment was entered in favor of Plaintiff and against Defendant on Plaintiff's Americans with Disabilities Act and Rehabilitation Act clams.  Plaintiff's attorneys, Prairie State Legal Service, who litigated Plaintiff's claims, filed a Motion for Bill of Costs and Litigation Expenses which sought to recover costs and expenses but not attorney fees (Doc. 79).  Plaintiff's other attorneys, Equip for Equality, who provided legal advice, filed a Motion for Attorney Fees and costs, seeking $34,020 in attorney fees and $345.70 in expenses (Doc. 80).

---

[1] The Report and Recommendation also disposed of Plaintiff's other attorney's, Prairie State Legal Services', motion for litigation expenses and costs (Doc. 79).

The matters were referred to Magistrate Judge Cudmore who issued a Report and Recommendation that recommended that Prairie State Legal Services' Motion be granted and that Equip for Equality's Motion be granted in part. No objection was filed with respect to the recommendation regarding Prairie State Legal Services' Motion. On December 10, 2009, this Court entered an agreed Order awarding Prairie State Legal Services $25,374.46 in costs and expenses.

Equip for Equality, however, objected to Judge Cudmore's recommendation. In their Motion, Equip for Equality sought $34,020.00 in attorney fees that represented 103 hours for two of its attorneys, Laura J. Miller at $350.00 per hour and Janet M. Cartwright at $325.00 per hour. Judge Cudmore held that the hourly rates should be reduced to $250.00 per hour and that the hours billed be reduced by 19.6 hours. Judge Cudmore recommended that attorney Miller's total compensable fee would be $4,075.00 (which represented 16.3 hours time $250.00) and that attorney Cartwright's total compensable fee would be $17,125.00 (which represented 68.5 hours times $250.00). The total amount that Judge Cudmore recommended awarding is $21,200.00.

Plaintiff's attorneys object not to the reduction in hours, but to the reduction in the hourly rate. In reducing the hourly rate, Judge Cudmore noted that there was no evidence of the amount these attorneys would actually bill clients, whether they actually have recovered this amount in cases they have litigated, the amount they have been awarded in other cases, or evidence regarding the community used to provide their hourly rate. Judge Cudmore then found that an hourly rate of

$250.00 is reasonable in light of allowable rates allowed in this District in other cases.

## STANDARD

A district court reviews *de novo* any portion of a Magistrate Judge's Report and Recommendation to which "specific written objection has been made." FED.R.CIV.PRO. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.* However, the Court emphasizes that Rule 72(b) contemplates "<u>specific</u>, written objections to the proposed findings and recommendations [of the magistrate judge]." *Id.* (emphasis added).

## DISCUSSION

The only objection is with respect to the recommended reduction in hourly rates from $350.00 and $325.00 to $250.00.

The "touchstone" for calculating attorney fees is the lodestar method of multiplying a reasonable hourly rate by the number of hours reasonably expanded. *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010). That figure can then be adjusted, if necessary, based on a variety of factors including the complexity of the case, degree of success, the public interest advanced by the case, and the experience of the attorney. *Id.; Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).[2] A

---

[2] Commonly referred to as *Hensley* factors, these 12 items are:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the

reasonable hourly rate can be the amount an attorney actually charges a paying client for comparable work, the amount a similarly experienced attorney would charge in this community, or the reasonable rate that an attorney in the same field would charge. *See Jeffboat, LLC v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487, 490 (7th Cir. 2009);[3] *Gautreaux v. Chicago Housing Authority*, 491 F3d 649, 649 (7th Cir. 2007). The burden is on Plaintiff to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). If an attorney has no paying clients, then the next best evidence includes "the rates other attorneys in the area charge paying clients for similar work and evidence of fee awards the attorney has

---

experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*

[3] In this case, the Seventh Circuit stated:

> Jeffboat appears to be reading extra requirements into both the Supreme Court's case law and this circuit's case law. The precedents on this issue require the attorneys' fee to be reasonable within the "community." Jeffboat takes the word "community" to mean "local market area." It would be just as consistent, however, to read the word as referring to a community of practitioners; particularly when, as is arguably the case here, the subject matter of the litigation is one where the attorneys practicing it are highly specialized and the market for legal services in that area is a national market. *Id.* (citations omitted)

Thus, a "community" need not be limited to the Central District of Illinois but could also represent a "community" of attorneys practicing in the same field regardless of their physical location.

received in similar cases." *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999).

As an initial matter, Defendant argues that this Court should not consider the new evidence attached to Plaintiff's objection because on *de novo* review, this Court is not required to hold a *de novo* evidentiary hearing. *See Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). Rule 72(b)(3) contemplates receipt of further evidence in making a *de novo* review of a Magistrate Judge's recommendation. The purpose of review is not to determine whether the Magistrate Judge erred, but rather to take a fresh look at the record and reach an independent judgment. As such, and because Defendant has had an opportunity to respond, the Court does not find any prejudice to Defendant in allowing Plaintiff to fully present their claim with additional evidence. *See e.g. Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999) (noting, without disapproval, that the district court considered new evidence upon *de novo* review).

Attorney Miller represents in her affidavit that her billing rate is $350.00 per hour, that she handles a variety of federal cases, and that she has been a practicing attorney since 1982. Attorney Cartwright represents that her hourly rate is "set" by Equip for Equality at $325.00 per hour, that she has litigated a number of civil rights cases, and that she has been a practicing attorney since 1990. The Court notes that Equip for Equality is a not-for-profit entity and that because neither attorney has indicated that they actually have paying clients (or provide evidence of what actual clients have paid), the Court assumes that it does not charge its clients for legal services rendered. Therefore, this Court looks to evidence of what fee

awards these attorneys have received in similar cases and what other attorneys with similar experience in the area charge for similar work. Plaintiff's attorneys have not provided any evidence of what they have been awarded in other cases. Therefore, the Court turns to the rates of other attorneys with similar experience and engaged in similar work.

Plaintiff has provided the declaration of Paul Mollica, a partner in the Chicago law firm of Meites, Mulder, Mollica & Glink, whose practice area is employment law and who has advocated for clients under the Americans with Disabilities Act and the Fair Housing Act. Attorney Mollica avers that the hourly rates of $350.00 and $325.00 are "at, or lower than, market rates generally for employment discrimination cases in this market." This declaration is not specific evidence of what other attorneys, either in the Chicago area or the Central District of Illinois, charge for similar work – i.e. work related to acquiring disability benefits. Attorney Mollica merely has provided an opinion as to the hourly rates requested in relation to the Chicago market with respect to employment cases. The Court does not find the declaration helpful in determining the reasonable hourly rate that should apply in this case.

Plaintiff also has provided the affidavit of attorney Patricia C. Benassi of the law firm Benassi & Benassi, P.C. located in Peoria, Illinois. Attorney Benassi represents that she has been a practicing attorney since 1969 and that since 1981 she has "represented numerous plaintiffs and defendants in the area of civil rights cases and employment-related matters." She further avers that her current hourly rate is $450.00 per hour. She then provides the opinion that the rates requested by

6

Attorneys Miller and Cartwright are "reasonable" for this District given their expertise and experience. She further states that the particular case at bar is not one that she would have taken and that she knows of no other firm in the area that would have taken the case. Attorney Benassi's affidavit is more specific than Attorney Mollica's declaration. However, her hourly rate is not a benchmark for Plaintiff's attorneys. Nor is her opinion a substitute for this Court's opinion of what is a reasonable hourly rate. In their briefs, Plaintiff's attorneys do not offer any argument as to how Attorney Benassi's $450.00 hourly rate would justify the rate they are attempting to recover. Indeed, the brief only offers a one line statement regarding Attorney Benassi's affidavit with no argument as to how it should translate into the fee award that Plaintiff's attorneys are seeking.

Finally, Plaintiff provides the affidavit of Carl R. Draper, an attorney engaged in private practice in Sangamon County since 1987. Attorney Draper provides no evidence of the market rate of lawyers, but rather avers to the small number of attorneys in this District who are willing to take employment law, civil rights, administrative law, and complex litigation cases on behalf of individuals and against businesses or the government. This affidavit does not directly address the lodestar amount, by failing to note what the hourly rate is for attorneys in the practice area, but rather goes to the *Hensley* factors noted above.

Notwithstanding the submission of five affidavits, then, the record is rather bare as to what is a reasonable hourly rate for attorneys such as Miller and Cartwright in such cases as this. It is unsurprising, then, that Judge Cudmore essentially found that Plaintiff failed to meet her burden in establishing the

lodestar amount and looked to fee awards in this district to determine what a reasonable hourly fee should be. This Court similarly concludes that Plaintiff has failed to meet her burden of showing a lodestar amount by failing to provide competent evidence that would establish a reasonable hourly rate.

In light of the hourly rate recovered in similar cases filed in this District and in the absence of other competent evidence, the Court agrees with Judge Cudmore that an hourly rate of $250.00 is a reasonable hourly rate. (*See* Report and Recommendation pp. 6-7 for case listings). Plaintiff's first objection, that Chicago rates should apply, is unconvincing. As indicated above, Plaintiff is correct in noting that the "community" referred to in case law is not limited to the geographical location of the Court, but also can refer to a practice area, especially when it is highly specialized. The Court does not doubt that the practice area in this case is highly specialized and that a market rate for attorneys in the practice area would be telling of a reasonable hourly rate in this case. Unfortunately, Plaintiffs have provided no evidence of what attorneys in their practice area would typically charge paying clients, nor have they provided competent evidence of what they have been paid, either by a client or through a fee award by a Court. As such, Plaintiff's reliance on *Mathur v. Board of Trustees of Southern Illinois Univ.*, 317 F.3d 738 (7th Cir. 2003), is unavailing: the ruling in that case was premised on a finding of what the out-of-town attorneys actually charged – there is no such finding in this case. As such, their argument that Chicago rates should apply is unavailing.

The bulk of Plaintiff's remaining objections and arguments more correctly attempt to show that the *Hensley* factors should be employed to increase this

reasonable hourly rate. As such, Plaintiff argues that the this case is complex and requires specialized knowledge, that Attorneys Miller and Cartwright have significant expertise and knowledge in this area of the law, that time spent on this case prevented them from using resources on other cases, that it is irrelevant whether they acted as lead or support counsel, that it is irrelevant that they work for a public interest organization, and that such work should be encouraged by awarding market rates. These arguments, however, are already considered when determining the reasonable hourly rate and the reasonable time expended (of which there is no objection). *Anderson v. AB Painting and Sandblasting, Inc.*, 578 F.3d 542, 544 (7th Cir. 2009) (noting that many *Hensley* factors are subsumed in the calculation of the lodestar amount). And, the amount awarded should only be necessary to attract competent counsel without providing a windfall to the attorneys. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 731 (1987).

It is within this Court's discretion to adjust the lodestar amount. *Gastineau*, 592 F.3d at 748 (noting that the district court retains flexibility in adjusting the lodestar amount). Plaintiff's attorney's expertise and experience necessarily was considered by Judge Cudmore in *rejecting* Defendant's argument that their time was duplicative and unnecessary. In considering the number of hours reasonably expended, Judge Cudmore noted that Attorney Cartwright's and Miller's experience and knowledge rendered the bulk of their work necessary and reasonable. This Court further agrees that whether or not Plaintiff's attorneys work for a public interest organization is irrelevant in calculating a reasonable attorney fee.

9

Plaintiff's attorneys should receive a fee award that is commensurate with what a private attorney with like experience and in the same field would recover.

However, this Court declines to adjust the lodestar amount.  Plaintiffs failed to provide evidence of a reasonable hourly rate that would undercut this Court's determination.  From the limited number of hours that Attorney Cartwright spent on this case from 2004 to 2009 (21.8 total hours), this Court cannot conclude that this matter significantly hindered her ability to work on other cases.  And, while Attorney Miller's efforts were clearly necessary and more involved, the bulk of her relationship with this case was limited to the time immediately preceding trial.  There is no evidence that Attorney Miller's time on this case significantly hindered here ability to work on other cases.  This Court does not find that any of the *Hensley* factors should warrant an increase of the reasonable hourly rate.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation (Doc. 85) is ACCEPTED and the Motion for Attorney Fees filed by Plaintiffs' attorneys, Equip for Equality (Doc. 80) is GRANTED IN PART and DENIED IN PART.  Plaintiff is awarded $21,200.00 in attorney fees to be paid to her attorneys, Equip for Equality.


Entered this 6th day of April, 2010

                                                  s/ Joe B. McDade
                                         JOE BILLY MCDADE
                            Senior United States District Judge